# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

SAFETY MANAGEMENT AND RELATED TRAINING, INC. *a California Corporation doing business as* Smart Safety Group,

Plaintiff,

v.

SAFETY AND COMPLIANCE HOLDINGS, LLC. *et. al*,

Defendants.

Case No. 25-cv-02625-BAS-MMP

**ORDER:**
  **(1) GRANTING WITHOUT PREJUDICE DEFENDANTS' SAFETY AND COMPLIANCE HOLDINGS LLC, CARR'S HILL PARTNERS LLC, SOLOMON GROUP PRODUCTIONS LLC, AND CARR'S HILL CAPITAL PARTNERS MANAGEMENT LP'S MOTION TO DISMISS FOR LACK OF JURISDICTION (ECF No. 39);**

  **(2) GRANTING WITHOUT PREJUDICE DEFENDANT SOLOMON GROUP PRODUCTIONS, LLC'S MOTION TO DISMISS FOR LACK OF JURISDICTION MOTION (ECF No. 40);**

- 1 -

25cv2625

(3) **VACATING AS MOOT DEFENDANTS CARR'S HILL PARTNERS LLC'S AND SMART PROFITABILITY SOLUTIONS LLC'S MOTION TO TRANSFER (ECF No. 26); AND**

(4) **VACATING AS MOOT DEFENDANT SOLOMON GROUP PRODUCTIONS LLC'S MOTION TO TRANSFER (ECF No. 27)**

Presently before the Court are motions to dismiss for lack of jurisdiction ("Motions") submitted by Defendants Safety and Compliance Holdings, LLC, Carr's Hill Partners, LLC, Solomon Group Productions, LLC, and Carr's Hill Capital Partners Management, LP ("Jurisdiction Defendants"). (ECF Nos. 26, 27, 39, 40.) For the reasons below, the Court **GRANTS WITHOUT PREJUDICE** the Jurisdiction Defendants' motions to dismiss. (ECF Nos. 39, 40.) The Court also **VACATES AS MOOT** Jurisdiction Defendants' remaining two motions to transfer venue. (ECF Nos. 26, 27.) Plaintiff is granted leave to amend its complaint (ECF No. 30) by no later than **May 20, 2026**.

## I. BACKGROUND

On October 3, 2025, Plaintiff Safety Management and Related Training, Inc. filed this action. (ECF No. 1.) On December 29, 2025, Plaintiff filed the operative complaint—asserting that Jurisdiction Defendants used Plaintiff's trademarks when advertising and performing safety auditing services and bringing the following causes of action against all Jurisdiction Defendants:[1]

(1) Declaratory relief that Defendants' past, ongoing, and future use of Plaintiff's trademarks is not authorized by Plaintiff (Count 1) (ECF No. 30 ¶¶ 113–120);

---

[1] Plaintiff also brought claims against Defendants Smart Profitability Solutions, LLC and Pala Group, Inc., who have not moved to dismiss on the basis of jurisdiction. (*See* ECF Nos. 30, 39, 30.)

25cv2625

(2) Unjust enrichment for financial benefit received from Defendants' unauthorized use of Plaintiff's trademarks (Count 3) (*id.* ¶¶ 128–133);

(3) Common law trademark infringement (Count 5) (*id.* ¶¶ 143–161);

(4) Unfair competition, false designation of origin, passing off, and false advertising under 15 U.S.C. § 1125(a) ("Section 43(a) of the Lanham Act") (Count 6) (*id.* ¶¶ 162–173);

(5) Unfair competition under Cal. Bus. & Prof. § 17200 (Count 7) (*id.* ¶¶ 174–179);

(6) Trade dress infringement under Section 43(a) of the Lanham Act (Count 8) (*id.* ¶¶ 180–187); and

(7) Common law trade dress infringement (Count 9) (*id.* ¶¶ 188–195).

Jurisdiction Defendants moved to dismiss Plaintiff's amended complaint on grounds of lack of personal jurisdiction. (ECF Nos. 39, 40.) Jurisdiction Defendants have also previously moved to transfer venue to the Northern District of Texas regarding Plaintiff's original complaint—which the Court expressly stated it would consider in evaluating Plaintiff's amended complaint as well. (ECF Nos. 26, 27, 44.)

The Court finds it appropriate to rule on Jurisdiction Defendants' motions (ECF Nos. 26, 27, 39, 40) on the papers and without oral argument. *See* CivLR 7.1.d.1.

## II.    LEGAL STANDARD

When raised as a defense by motion, Rule 12(b)(2) authorizes the dismissal of an action for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). When a dispute between the parties arises concerning whether personal jurisdiction over a defendant is proper, "the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Will Co. v. Lee*, 47 F.4th 917, 921 (9th Cir. 2022). When the defendant's motion is based on written materials, and no evidentiary hearing is held, the court will evaluate only whether the plaintiff demonstrates a prima facie showing of personal jurisdiction based on the plaintiff's pleadings and affidavits. *Id.* The court must take unchallenged allegations in the complaint as true, and conflicts between the parties over statements within any affidavits must be resolved in favor of the plaintiff. *Id.*

## III.   DISCUSSION

The general rule provides personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).  For due process to be satisfied, a defendant must have "minimum contacts" within the forum state such that asserting jurisdiction over the defendant would not "offend traditional notions of fair play and substantial justice."  *Id*. at 1155 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 315 (1945)).  Both California and federal long-arm statutes require compliance with due process requirements. *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014).

There are two types of personal jurisdiction: general and specific.  *Id*. at 118. General jurisdiction allows a court to hear cases unrelated to the defendant's forum activities and exists if the defendant has "substantial" or "continuous and systematic" contacts with the forum state.  *Fields v. Sedgewick Assoc. Risk, Ltd*., 769 F.2d 299, 301 (9th Cir. 1986).  Specific jurisdiction permits the court to exercise jurisdiction over a defendant who has availed itself through forum-related activities that gave rise to the action before the court.  *Bancroft & Masters, Inc. v. August Nat'l Inc*., 223 F.3d 1082, 1086 (9th Cir. 2000).

### A.   General Jurisdiction

A court may exercise general jurisdiction "only when a defendant is 'essentially at home' in the State." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).  For a corporate defendant, general jurisdiction is paradigmatically appropriate in the state in which the entity is incorporated or where it maintains its principal place of business (where the corporate defendant is "at home"). *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014); *see also Impossible Foods Inc. v. Impossible X LLC*, 80 F.4th 1079, 1086 (9th Cir. 2023).

25cv2625

Jurisdiction Defendants move to dismiss Plaintiffs' claims on the basis that they are not subject to general jurisdiction in California because their principal places of business are elsewhere. Carr's Hill Partners, LLC is at home in Louisiana. (ECF Nos. 39, 39-1 at 11:11-15.) Carr's Hill Capital Partners Management, LP is at home in Delaware. (*Id*. at 11:16-19.) Safety and Compliance Holdings, LLC is at home in Delaware. (*Id*. at 11:20-23.) Solomon is at home in Louisiana. (ECF No. 40-1 at 9:12-13.) Carr's Hill Partners, LLC, Carr's Hill Capital Partners Management, LP, and Safety and Compliance Holdings, LLC further state that they have "never registered in California, appointed an agent for service, regularly transacted business, or had an office, employees, or property in California." (ECF No. 39-1 at 11:11-23.) Solomon also states that it has "no offices or employees within the State of California." (ECF No. 40-1 at 9:12-13.)

Plaintiff opposes Jurisdiction Defendants' challenges to general jurisdiction on grounds that Defendants should all be treated as alter egos; and thus, should all be subject to general jurisdiction in California. (ECF No. 41 at 15:2–17:13, 17:20-21 (citing alter ego test in *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1070–73 (9th Cir. 2015)).) However, Plaintiff's allegations do not support finding that *any* of the Jurisdiction Defendants in this action are individually "at home" in California (*see* ECF No. 30 ¶¶ 20–30). In addition, as discussed below, Plaintiff fails to allege sufficient facts to establish alter ego theory between Jurisdiction Defendants and Defendants Smart Profitability Solutions, LLC ("Smart Profitability") or Pala Group, Inc. ("Pala"). Thus, even if the alter ego theory applied to Jurisdiction Defendants, none of them would be subject to general jurisdiction. *See In re Packaged Seafood Prods. Antitrust Litig.*, 338 F. Supp. 3d 1118, 1143 (S.D. Cal. 2018) ("*Daimler* also makes clear that even if the Court determines that one entity is the alter ego of the other, the[] foreign entity's activities in the forum jurisdiction must still meet the general jurisdiction requirements of being essentially 'at home'. ").

Accordingly, the Court finds that Plaintiff has not sufficiently alleged that Jurisdiction Defendants are subject to general jurisdiction in California.

**B.    Specific Jurisdiction**

- 5 -

25cv2625

Second, Jurisdiction Defendants argue they are not subject to specific jurisdiction in California. A defendant who is not subject to general jurisdiction can only be subject to a state's jurisdiction if the plaintiff's claims are related to defendant's activities in that state. *Walden v. Fiore*, 571 US 277, 283 n. 6 (2014). The Ninth Circuit put forth a three-pronged test for specific jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). The plaintiff bears the burden of proving the first two prongs and, if successful, the burden shifts to the defendant on the third prong to prove that jurisdiction is unreasonable. *Id.* If any prong is not satisfied, then jurisdiction in the forum would deprive the defendant of due process of law. *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1208 (9th Cir. 2020).

### 1. Whether the Purposeful Direction or Purposeful Availment Test Applies

Under the first prong of specific jurisdiction, purposeful availment and purposeful direction are "two distinct concepts." *Schwarzenegger*, 374 F.3d at 802. "A purposeful availment analysis is most often used in suits sounding in contract," whereas "[a] purposeful direction analysis . . . is most often used in suits sounding in tort." *Id*.

Here, Plaintiffs' claims against Jurisdiction Defendants arise from Jurisdiction Defendants' allegedly tortious misrepresentations and misuse of Plaintiff's trademarks (*i.e.*, remedies for Jurisdiction Defendants' alleged misuse of Plaintiff's trademarks (Counts 1 and 3), intentional misrepresentation (Count 4), common law trademark and trade dress infringement (Counts 5 and 8), and claims under Section 43(a) of the Lanham

- 6 -

25cv2625

Act (Counts, 6, 8, and 9)) (*see* ECF No. 30 ¶¶ 113–204). *See Friendly Family Prods. LLC v. Little House on Prairie, Inc.*, No. 08-cv-06602-MMM-CW, 2009 WL 10669833, at *4 n.28 (C.D. Cal. Jan. 12, 2009) ("It is well-settled that claims for trademark infringement sound in tort."); *see also Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1321 (9th Cir. 1998) (noting that trademark infringement is "akin to a tort case" for purposes of determining jurisdiction); *see also Zhu v. Li*, No. 19-CV-02534-JSW, 2023 WL 4770431, at *4 (N.D. Cal. July 26, 2023) ("Plaintiff's claim[] for . . . intentional misrepresentation sound[s] in tort.").

Therefore, Plaintiffs' claims as relevant here "sound in tort" and the "purposeful direction" test applies.

### 2.    Whether Plaintiff Pled Purposeful Direction

To assess whether a defendant purposefully *directed* its activities at the forum state, courts apply the "effects" test from *Calder v. Jones*, 465 U.S. 783 (1984). The defendant must have "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Shawarma Stackz LLC v. Jwad*, No. 21-CV-01263-BAS-BGS, 2021 WL 5827066, at *7 (S.D. Cal. Dec. 8, 2021) (quoting *Schwarzenegger*, 374 F.3d at 803). All three components must be met for a defendant to have purposefully directed activities to the forum state. *See Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 577 (9th Cir. 2018).

### i.    Committed an Intentional Act

For the purposes of the *Calder* effects test, "an intentional act is an external manifestation of the actor's intent to perform an actual, physical act in the real world, not including any of its actual or intended results." *Washington Shoe Co. v. A–Z Sporting Goods Inc.*, 704 F.3d 668, 674 (9th Cir. 2012). Courts within this district have found intentional acts where defendants have conducted allegedly wrongful acts (*e.g.*, misappropriating funds) while conducting business. *Crecero Techs., Inc. v. Steven Hoffman et al. Additional Party Names: David Thompson, Valeria Raigorodskaia*, No.

25cv2625

8:25-CV-00251-DOC-KESX, 2026 WL 712949, at *4 (C.D. Cal. Feb. 2, 2026) (finding the same).

Here, Plaintiff claims that all Jurisdiction Defendants have used Plaintiff's trademarks while conducting business—including on Defendants' websites or on incident report forms. (ECF No. 30 ¶¶ 8–11, 32, 35–39.) Thus, the Court concludes that Plaintiff sufficiently alleged that Jurisdiction Defendants committed intentional acts and met the first prong of the *Calder* effects test. *Schwarzenegger*, 374 F.3d at 803.

### ii.    Expressly Aimed at the Forum State

The "express aiming" prong of the *Calder* effects test asks whether the defendant's allegedly tortious action was "expressly aimed at the forum." *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1129 (9th Cir. 2010). Originally, the United States Court of Appeals for the Ninth Circuit "struggled with the question whether tortious conduct on a nationally accessible website is expressly aimed at any, or all, of the forums in which the website can be viewed." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1229 (9th Cir. 2011). While this is still an expanding area of the law, the Ninth Circuit has since established some parameters.

On one hand, "maintenance of a passive website alone cannot satisfy the express aiming prong" of the *Calder* effects test. *Id.* (internal citations omitted); *see also Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1156 (9th Cir. 2006); *Cybersell Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418–20 (9th Cir. 1997). On the other hand, "operating even a passive website in conjunction with 'something more'—conduct directly targeting the forum—is sufficient." *Mavrix Photo*, 647 F.3d at 1229 (internal citations omitted).

In assessing whether a defendant has done "something more," courts consider several factors, including "the interactivity of the defendant's website, the geographic scope of the defendant's commercial ambitions, and whether the defendant 'individually targeted' a plaintiff known to be a forum resident." *Id.* (internal citations omitted). For example, courts have found the "something more" requirement satisfied where, in addition to maintaining websites featuring an allegedly infringing mark, defendants actively

25cv2625

advertised in the forum state or sent a letter to the plaintiff in the forum demanding money to release defendant's registration of the domain name that included the plaintiff's trademark. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1020–21 (9th Cir. 2002) (actively advertised in forum state); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir. 1998) (sent letter to plaintiff).

The Court finds that Plaintiff's allegations that Jurisdiction Defendants work in California are insufficient for the "something more" in addition to the allegation that Jurisdiction Defendants' website is accessible for California. For, the express aiming test examines whether the defendant's alleged intentional, tortious act was expressly aimed at the forum. *See Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1129 (9th Cir. 2010); *Schwarzenegger*, 374 F.3d at 806.

Here, Plaintiff claims Safety and Compliance Holdings, LLC, Carr's Hill Partners, LLC, and Carr's Hill Capital Partners Management, LP allegedly used Plaintiff's trademark on their website. (ECF No. 30 ¶¶ 37, 79–82.) In addition, Plaintiff claims that on their website, the aforementioned Defendants display that they work at jobsites in California. (*Id.* ¶ 34.) However, conspicuously missing from Plaintiff's complaint is any allegation that the aforementioned Defendants used Plaintiff's trademark while performing work in California jobsites or that they specifically targeted California in advertising with Plaintiff's trademark on their website. Because Plaintiff has failed to allege "something more" than actively maintaining the website, *Mavrix Photo*, 647 F.3d at 1229, the Court finds Plaintiff has failed to allege that the allegedly tortious conduct (*i.e.*, unauthorized use of Plaintiff's trademarks in providing services or advertising) by Safety and Compliance Holdings, LLC, Carr's Hill Partners, LLC, and Carr's Hill Capital Partners Management, LP is expressly aimed at California.

In addition, the Court finds that Plaintiff has not sufficiently alleged that Solomon has expressly aimed its allegedly tortious actions at California. Though Plaintiff states that Solomon has used the other Defendants' forms bearing Plaintiff's trademarks without authorization (ECF No. 30 ¶¶ 8–10, 88), Plaintiff has not alleged that Solomon had used

- 9 -

25cv2625

the allegedly infringing materials in California—or that Solomon even conducts business in California.

Thus, the Court finds Plaintiff has failed to sufficiently allege that the Court has personal specific jurisdiction over Jurisdiction Defendants.  As such, the Court **GRANTS WITHOUT PREJUDICE** Jurisdiction Defendants' Motions.  (ECF Nos. 39, 40.)

### 3.    Whether the Alter Ego Test Applies to Personal Jurisdiction for Jurisdiction Defendants

Personal jurisdiction may also be established through alter ego liability. *Ranza*, 793 F.3d at 1073.  "In determining whether alter ego liability applies, [courts] apply the law of the forum state." *In re Schwarzkopf*, 626 F.3d 1032, 1037 (9th Cir. 2010).  "Under the alter ego doctrine . . . when the corporate form is used to perpetrate a fraud, circumvent a statute, or accomplish some other wrongful or inequitable purpose, the courts will ignore the corporate entity and deem the corporation's acts to be those of the persons or organizations actually controlling the corporation, in most instances the equitable owners." *Davidson v. Barnhardt*, No. CV 11-7298 FMO VBKX, 2013 WL 6388354, at *11 (C.D. Cal. Dec. 6, 2013) (citing *Sonora Diamond Corp. v. Superior Court,* 83 Cal.App.4th 523, 538 (2000)).  The Ninth Circuit explains that:

> California recognizes alter ego liability where two conditions are met: First, 'where there is such a unity of interest and ownership that the individuality, or separateness, of the said person and corporation has ceased;' and, second, where 'adherence to the fiction of the separate existence of the corporation would . . . sanction a fraud or promote injustice.'

*Id.* at 1038 (quoting *Wood v. Elling Corp.*, 20 Cal.3d 353, 365 n. 9 (1977)).  "The 'unity of interest and ownership' prong requires 'a showing that the parent controls the subsidiary to such a degree as to render the latter the mere instrumentality of the former.' " *In re Boon Glob. Ltd.*, 923 F.3d 643, 653 (9th Cir. 2019) (quoting *Ranza*, 793 F.3d at 1073).  If the first prong is not met, the Court does not need to analyze the "fraud or injustice" prong.  *Ranza*, 793 F.3d at 1075 n.9.

25cv2625

Here, Plaintiff appears to argue that Jurisdiction Defendants are alter egos of Smart Profitability and Pala—both of whom Plaintiff has alleged engaged in activities in San Diego relevant to the current action (*e.g.*, signing a contract in San Diego and engaging in other forms of business with Plaintiff in San Diego) (ECF No. 30 ¶ 35).

However, as an initial matter, the Court finds that Plaintiff has not alleged Solomon is an alter ego of Smart Profitability and Pala—since Plaintiff alleges instead that Solomon is Smart Profitability's "customer" indicating a lack of unity of interest or ownership (*see* ECF No. 30 ¶ 9). *Ranza*, 793 F.3d at 1073.

In addition, even if the Court were to accept Plaintiff's allegations that all Defendants share "unity of interest and ownership" (*e.g.*, that Carr's Hill Capital Partners Management, LP owns and operates Smart Profitability and Pala) (ECF No. 30 ¶¶ 79–80, 102, 126), the Court does not find that Plaintiffs have pled facts supporting its allegation that Defendants (including Jurisdiction Defendants) "use the corporate form to perpetuate fraud by evading obligations under the Agreement while continuing to exploit Plaintiff's trademarks" (ECF No. 30 ¶¶ 43–44).  Indeed, Plaintiff has not pled any specific facts regarding how any of the Jurisdiction Defendants' ownership or control over Smart Profitability or Pala Group (or vice versa) has *led to* Jurisdiction Defendants' purported misuse of Plaintiff's trademarks (or any illegal obfuscation thereof).  *See Davidson*, 2013 WL 6388354, at *11 (emphasis added) (alter ego doctrine applies where "the corporate form *is used to* perpetrate a fraud, circumvent a statute, or accomplish some other wrongful or inequitable purpose.").

As such, the Court finds that Plaintiff's alter ego allegations are inadequate to establish personal jurisdiction over Jurisdiction Defendants.

**C.    Vacating Remaining Motions to Dismiss as Moot**

Although Jurisdiction Defendants also move to transfer their case to the Northern District of Texas as an alternative remedy, the Court **VACATES AS MOOT** Jurisdiction Defendants' requests to transfer given that the Court grants their motions to dismiss in this Order.  (ECF Nos. 26, 27.)  Regardless, the Court notes that transfer could be problematic

25cv2625

because Plaintiff has neither alleged that Jurisdiction Defendants are at home in Texas nor alleged any actions taken by Jurisdiction Defendants in the state of Texas. *See Echologics, LLC v. Orbis Intelligent Sys., Inc.*, No. 21-CV-01147-BAS-AHG, 2021 WL 5203283, at *3 (S.D. Cal. Nov. 9, 2021) ("A district court's broad discretion to transfer a case is subject to the prohibition that an action cannot be transferred to a district in which venue would have been improper if the action were originally filed there.").

**D.    Leave to Amend**

The Court dismisses Plaintiff's claims against Safety and Compliance Holdings, LLC, Carr's Hill Partners, LLC, Carr's Hill Capital Partners Management, LP, and Solomon Group Productions, LLC (Counts 1, 3, 5, 6, 7, 8, and 9) without prejudice, and **GRANTS** Plaintiff leave to amend to correct jurisdictional deficiencies pursuant to Federal Rule of Civil Procedure 15(a)(2).

## IV.    CONCLUSION

For the reasons above, the Court **GRANTS WITHOUT PREJUDICE** motions to dismiss submitted by Safety and Compliance Holdings, LLC, Carr's Hill Partners, LLC, Carr's Hill Capital Partners Management, LP, and Solomon Group Productions, LLC. (ECF Nos. 39, 40.)    Additionally, the Court **VACATES AS MOOT** Jurisdiction Defendants' requests to transfer given that the Court grants their motions to dismiss in this Order.  (ECF Nos. 26, 27.)

Further, Plaintiff is **GRANTED** leave to amend their first amended complaint. (ECF No. 30.)  Should Plaintiff wish to amend, any second amended complaint must be filed no later than **May 20, 2026**.

**IT IS SO ORDERED.**

**DATED: May 6, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 12 -

25cv2625